E-FILED
Tuesday, 14 July, 2020  10:25:50 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION


DOROTHY AUD,                          )
a/k/s DOROTHY J. MURPHY,              )
                                      )
      Petitioner,                     )
                                      )
 v.                                   )          Case No. 2:18-cv-2139
                                      )
UNITED STATES OF AMERICA,             )
                                      )
      Respondent.                     )

## OPINION

RICHARD MILLS, United States District Judge:

Petitioner has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

At the time of the filing, Petitioner Dorothy J. Aud, Illinois Department of Corrections Number R75175, was a 48-year old female incarcerated at the Decatur Correctional Center in Decatur, Illinois.

In 2005, after pleading guilty in the Southern District of Illinois to Conspiracy to Manufacture, Distribute or Possess with the Intent to Distribute 500 Grams or More of a Mixture and Substance Containing Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 846, the Petitioner was sentenced to 262 months in prison, followed by a five-year term of supervised release.

The Petitioner's supervised release term began on May 30, 2014. In April 2016, the Petitioner was arrested on a state court charge of aiding and abetting the possession of a stolen vehicle in Hardin County, Illinois, Case No. 16-CF-21. She pleaded guilty to the state charge in July 2016 and was sentenced to a term of imprisonment of seven years.

In April 2016, the U.S. Probation Office filed a petition to revoke supervised release. The Probation Office alleged that Petitioner had committed crimes including Unlawful Possession of a Stolen Vehicle, Felon in Possession of a Firearm and Possession of Stolen Property. Moreover, the Probation Officer alleged that Petitioner had on multiple occasions unlawfully possessed controlled substances, among other violations. The Petitioner admitted to the allegations and on October 25, 2016, United States District Judge J. Phil Gilbert sentenced her to 12 months in the Bureau of Prisons to run consecutive to the Petitioner's state term.

In November 2016, the United States Marshals Service provided the Decatur Correctional Center with a detainer notifying the state facility of the consecutive 12 month-term the Petitioner would have to serve with the Bureau of Prisons following the completion of her state sentence in Hardin County Case No. 16-CF-21.

The Petitioner sought habeas relief on the basis that the federal detainer precluded her from participating in rehabilitative programs offered at the institution and alleging that deprivation amounted to a violation of her constitutional rights.

2

She claims that these rehabilitative programs would be highly beneficial to her and would allow her the tools needed to be a productive member of society upon her release.

Pursuant to Illinois Department of Corrections policy, the Petitioner's federal detainer raised her security risk classification from low to moderate. The Petitioner contends that her classification status has been elevated due to the placement of the federal detainer. Based on an affidavit from an employee of the Decatur Correctional Center submitted with the Government's response, it appears that Petitioner remained eligible to participate in state prison programming with two limited exceptions: the work-release program and electronic detention.

The Illinois Administrative Code states that to be eligible for work release, an individual must have a designated security classification of minimum with supervision minimum and must have no outstanding warrants or detainers. Ill. Admin. Code tit. 20, pt. 455.30. It is within the discretion of the prison director, however, to approve exceptions to work release and other prison program placement requirements as long as "such placement would assist the individual's rehabilitation and would not cause undue risk to the public." Ill. Admin. Code. Tot. 20, pt. 455.50.

In her § 2241 petition, the Petitioner requested that the detainer be removed until or upon her release from state custody so that she could participate in programming offered by the institution where she was incarcerated at the time. The

Petitioner asked that the detainer be reinstated closer to or upon her release from state custody.

At the time of the Government's response, the Petitioner was on a waitlist to participate in a substance abuse program and was not in any other programs. She remained eligible for certain other programs that might allow her to receive time off the state sentence she was serving at the time.

It appears that Petitioner named the wrong respondent in this case. Under 28 U.S.C. § 2243, the petition must be "directed to the person having custody of the person detained." At the time of the petition, the Petitioner was in the custody of state authorities. While the detainer provided notice to state authorities of the existence of the Petitioner's consecutive federal sentence, the existence of the detainer does not grant custody of the Petitioner to federal authorities. *See Lovingood v. Bureau of Prisons*, 2007 WL 437049, at *1 (E.D. Ky. Dec. 12, 2007). State prison officials would have been the proper respondents at the time the § 2241 petition was filed.

In any event, the Petitioner is no longer in state custody. The Petitioner is now in Bureau of Prisons custody and her request to remove the federal detainer so that she can participate in rehabilitative programs is moot.

Ergo, the Petition of Dorothy J. Aud for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [d/e 1] is DISMISSED as moot.

4

The Clerk will enter Judgment and terminate this case.

The Clerk will send a copy of this Order to the Petitioner at RRM ST. Louis,

1222 Spruce St. Suite 6.101, St. Louis, MO 63103.

ENTER: July 13, 2020

    FOR THE COURT:

                                        /s/ *Richard Mills*
                                        Richard Mills
                                        United States District Judge